UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No: 8:14-cr-00379-CEH-TGW-4

EFRAIN BILBAO VARELA

_____/

**ORDER**

This matter comes before the Court upon Defendant's Motion to Be Placed on Home Confinement or In the Alternative for Compassionate Release [Doc. 609]. In the motion, Defendant who is proceeding *pro se*, requests the Court, pursuant to 18 U.S.C. § 3582(c)(1)(A), to allow him to finish the remaining portion of his prison sentence in home confinement or to be released under compassionate release. The United States filed a response [Doc. 626] and Defendant replied [Doc. 630]. The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Motion to Be Placed on Home Confinement or In the Alternative for Compassionate Release.

**I.  BACKGROUND**

On January 20, 2016, Defendant Efrain Bilbao Varela was sentenced to 235 months' incarceration for the drug related offenses charged in the Indictment,[1] to be

---

[1] Defendant was indicted for knowingly and willfully combining, conspiring, and agreeing with others, to possess with intent to distribute and to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine (Count I) and for knowingly and intentionally, while aiding and abetting each other, possessing with intent to

served concurrently. [Doc. 467]. Defendant is 73 years old. He is currently located at FMC Fort Worth, Fort Worth, Texas, and is set to be released on May 5, 2031. *See* BOP Inmate Locator at https://www.bop.gov/inmateloc/ (last accessed on December 2, 2021).

Defendant filed the instant motion seeking home confinement or compassionate release on May 18, 2020. [Doc. 609]. He argues that his advanced age and his deteriorated medical condition make it highly unlikely that he will survive if he contracts Covid-19 and that the health crisis posed by Covid-19 is an extraordinary and compelling reason to modify his sentence. *Id.* at pp. 1, 4. He also argues that the Sentencing Commission's policy statement interpreting 18 U.S.C. § 3582(c)(1)(A) provides that the Court may reduce a term of imprisonment where the defendant is not a danger to the safety of any other person or to the community and that he would pose no danger to the community if he is released. *Id.* at pp. 4-5.

The United States presents several reasons why the motion should be denied. [Doc. 626]. It argues that Defendant provides no documentation to show exhaustion of administrative remedies. *Id.* ¶ 5. Moreover, the United States argues that Defendant has not shown administrative exhaustion because his request to the warden at the facility where he was located sought only home confinement and not compassionate release. *Id.* ¶¶ 6-8. It further argues that the Court lacks authority to determine the

---

distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine (Count II)—all while on a vessel subject to the jurisdiction of the United States—in violation of 46 U.S.C. §§ 70503 and 70506 and 21 U.S.C. § 960 and 18 U.S.C. § 2. [Doc. 10].

location at which Defendant should serve his sentence as such decisions are committed solely to the discretion of the Bureau of Prisons. *Id.* ¶ 9. The United States also argues that the motion should be denied because Defendant fails to provide any documentation supporting his claim of Type II diabetes, hypertension or gout. *Id.* ¶ 10.

In reply, Defendant provides documentation to show administrative exhaustion and to prove his medical conditions. [Doc. 630]. Additionally, Defendant provides evidence that he contracted Covid-19 between the time he filed the motion and his reply and states that he seems to be recovering. *Id.* at p. 2. Lastly, Defendant points out that the United States did not oppose his motion based on the Section 3553 factors. *Id.* at p. 3.

## II. LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release. That provision states:

The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

>> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> > (i) extraordinary and compelling reasons warrant such a reduction; or
>> >
>> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>>
>> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (*italics* reflecting amendment under First Step Act).

Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the Bureau of Prisons' ("BOP") failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing

4

Commission's policy statement. *See id.* Courts are to consider the § 3553(a) factors, as applicable, as part of the analysis.[2] *See* §3582(c)(1)(A).

The defendant generally bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (providing that defendant bears the burden of establishing a reduction of sentence is warranted under § 3582(c) due to a retroactive guideline amendment); *United States v. Heromin*, Case No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (citing *Hamilton* in the context of a § 3582(c) motion for compassionate release).

### III. DISCUSSION

#### A. Administrative Exhaustion

At the time Defendant filed this motion, the administrative exhaustion requirement had not been satisfied as thirty-days had not passed from the date of his petition for compassionate release to the warden. However, the warden has since

---

[2] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

issued the denial. As there is evidence that administrative exhaustion has been met, the Court will consider the merits of Defendant's request.³

B. Home Confinement

Defendant requests the Court release him to home confinement, which would permit him to serve the remainder of his sentence at home. In general, once a court imposes a sentence, the BOP is solely responsible for determining an inmate's place of incarceration to serve that sentence. *See Tapia v. United States*, 564 U.S. 319, 331 (2011) ("A sentencing court can recommend that the BOP place an offender in a particular facility or program...[b]ut decision making authority rests with the BOP."); 18 U.S.C. §3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment[.]"); *see also McKune v. Lile*, 536 U.S. 24, 39 (2002) (plurality opinion) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."). Defendant provides no legal authority to support the Court's ability to order home confinement. Thus, this requested relief is due to be denied.

C. Extraordinary and Compelling Reason

Additionally, Defendant does not establish that extraordinary and compelling reasons exist to support a reduction in sentence. The sentencing guidelines provide

---

³ The Court notes the argument of the United States that Defendant's request to the warden only related to home confinement such that there is no exhaustion for compassionate release. [Doc. 626 ¶¶ 7-8]. However, the petition to the warden was for compassionate release and it is apparent from the warden's response that it was considered as such. [Doc. 630 at pp. 6-8, 10-11].

that "extraordinary and compelling reasons exist" for compassionate release when a defendant meets any one of several circumstances. Section 1B1.13 identifies four categories in which extraordinary and compelling circumstances may exist: (1) the defendant's medical condition; (2) the defendant's advanced age (at least 65 years old); (3) family circumstances; and (4) other reasons. *See* U.S.S.G. § 1B1.13, cmt. n. 1(A)-(D). When a defendant meets any one of the categories, the Court may grant compassionate release. *See id.*

*Medical Condition*

Relevant here, a defendant's medical condition may provide an extraordinary and compelling reason to support a reduction in sentence when the defendant is: (1) suffering from a terminal illness, i.e., a serious and advanced illness with an end-of-life trajectory; or (2) suffering from a serious physical or medical condition that substantially diminishes his ability to care for himself within the prison environment and from which he is not expected to recover. U.S.S.G. § 1B1.13, cmt. n. 1(A). Stable, controlled medical conditions do not meet the requirements of U.S.S.G. § 1B1.13 as an extraordinary and compelling reason for a prisoner's compassionate release. *See United States v. Wedgeworth*, 837 F. App'x 738 at *739–40 (11th Cir. 2020) (affirming lower court's finding of no extraordinary and compelling reason for a defendant suffering from obesity and chronic hypertension because those conditions were not terminal and did not substantially limit the prisoner's ability for self-care).

Defendant provides a Clinical Encounter Report in support of his claimed conditions: Type II Diabetes, Hypertension, and Gout. [Doc. 630 at pp. 13-14].

7

Review of the report reveals Defendant is not suffering from any terminal illness or serious physical or medical condition that substantially diminishes his ability to care for himself within the prison environment. To the contrary, the report reflects that Defendant's gout is in remission and his other conditions are relatively stable. *Id.* Thus, nothing about Defendant's medical conditions supports a finding of compelling and extraordinary reasons to warrant a reduction in sentence.

*Advanced Age*

Defendant also raises his advanced age as a basis for relief. According to the Sentencing Commission's policy statement on compassionate release, the "[a]ge of the Defendant" qualifies as an extraordinary and compelling reason to support a sentence reduction if the defendant: (1) "is at least 65 years old;" (2) "is experiencing a serious deterioration in physical or mental health because of the aging process;" and (3) "has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13, cmt. 1(B). While Defendant is over 65 years old, he fails to satisfy the remaining factors. Additionally, as the warden noted in its denial letter, Defendant was already over 65 years old when he committed the instant offenses. His advanced age therefore does not provide a basis for relief.

*Other Reasons*

Lastly, Defendant claims that the COVID-19 pandemic coupled with his medical condition establishes "other reasons" supporting release. The fourth factor, which has been described as a catch-all provision, provides that, "[a]s determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and

compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13, cmt. n. 1(D). As a preliminary matter, "the mere existence of COVID-19 and the possibility it may spread to a particular prison" is not an extraordinary and compelling reason for compassionate release. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). In accordance with the Eleventh Circuit's opinion in *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), this Court declines to find that the pandemic, coupled with health conditions, constitute an extraordinary and compelling reason under the catchall "other" reasons category. *Id.* at 1263–65 (holding that the language "[a]s determined by the Director of Bureau of Prisons" contained within the catch-all provision precludes district courts from finding extraordinary and compelling reasons beyond those specified by the Sentencing Commission in Section 1B1.13).[4]

### D. Section 3553(a) Factors

Even if Defendant was able to establish an extraordinary and compelling reason, the Court must make a finding that Defendant would not be a danger to the safety of any person or the community and that consideration of the Section 3553(a) factors counsel in favor of release. *See* USSG § 1B1.13(2). Having considered the Section 3553(a) factors, the Court finds that they do not weigh in favor of a reduction in sentence. Defendant was convicted of serious offenses. The 235-month sentence reflects the seriousness of his crimes. Releasing him before he has served even half of

---

[4] Moreover, the Court notes that Defendant has contracted Covid-19 and has apparently recovered from it.

9

his sentence affords little deterrence to criminal conduct. As such, the § 3553(a) factors do not warrant compassionate relief or a reduction of Defendant's sentence. *See United States v. Moss*, No. 21-10635, 2021 WL 3179685, at *2 (11th Cir. July 28, 2021) ("The weight given to any specific § 3553 (a) factor is committed to the sound discretion of the district court. A district court abuses its discretion when it fails to afford consideration to relevant factors that were due significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in considering the proper factors.") (quotation and citations omitted).

Accordingly, it is hereby **ORDERED**:

1. Defendant's Motion to Be Placed on Home Confinement or In the Alternative for Compassionate Release [Doc. 609] is DENIED.

2. The Clerk is directed to mail a copy of this Order to Defendant at his current address, FMC Fort Worth, 3150 Horton Rd, Fort Worth, Texas 76119.

**DONE AND ORDERED** in Tampa, Florida on December 3, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any