UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:14-cr-379-CEH-TGW

EFRAIN BILBAO VARELA
_____

**ORDER**

This matter comes before the Court on Defendant Efrain Bilbao Varela's Motion for Sentence Reduction (Doc. 633), Motion for Reduction for Mitigating Role (Doc. 636), and Motion for Compassionate Release (Doc. 648).

On January 20, 2016, Varela was sentenced to a total term of 235 months' incarceration for possession with the intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, and conspiracy to do the same. Doc. 467 at 1-2. Now 74 years old, he is incarcerated at FMC Fort Worth.

In the motions, Varela asserts various grounds for sentence reduction based upon amendments to the sentencing guidelines and the COVID-19 pandemic. The Government opposes all three motions. Docs. 644, 658, 660. This Court has previously denied Varela's request for compassionate release or release to home confinement. *See* Docs. 609, 641.

Having reviewed the motions and being fully advised in their premises, the Court concludes they are due to be denied.

### I. MOTION FOR SENTENCE REDUCTION UNDER AMENDMENT 782

In his first motion, Varela seeks a sentence reduction based on a retroactive application of a change to the sentencing guidelines known as Amendment 782. Doc. 633. He states that this amendment, which applied retroactively to cases between November 1, 2014 and November 1, 2015, reduces the level of all drug offenses by two points. *Id.* at 1. In response, the Government argues that Amendment 782 was already in effect at the time of Varela's sentencing, and that it did not affect his base offense level in any event. Doc. 644 at 1-2.

The Court, in general, may not modify a term of imprisonment once it has been imposed. *See United States v. Pubien*, 805 F. App'x 727, 729 (11th Cir. 2020) (citing 18 U.S.C. § 3582(c)). 18 U.S.C. § 3582(c)(2) provides a limited exception in which a court may reduce the term of imprisonment based on a sentencing range that has subsequently been lowered by the United States Sentencing Commission. The defendant, as the movant, bears the burden of proving his eligibility for a § 3582(c)(2) sentence reduction. *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).

Amendment 782 resulted from the United States Sentencing Commission's unanimous vote to amend the sentencing guidelines to lower most base offense levels by two levels across all drug types. *United States v. Maiello*, 805 F.3d 992, 994 (11th Cir. 2015). The amendment became effective immediately for defendants sentenced on or after November 1, 2014. *Id.* at 995.

Here, Varela was sentenced on January 20, 2016, one and a half years after Amendment 782 went into effect. He is therefore not eligible for a reduction in sentence based on Amendment 782 because he was already sentenced in accordance with it.[1] *See* Doc. 443 at 4 (the Department of Probation explains it is using the November 2015 edition of the sentencing guidelines to determine Varela's guidelines range). His motion is due to be denied.

II.     MOTION FOR REDUCTION FOR MITIGATING ROLE

Next, Varela requests a reduction in his sentence under Amendment 794 of the sentencing guidelines based on his minor role in the offense. Doc. 636 at 1. Varela contends that the Court clearly erred in failing to apply a minor role reduction at sentencing because he was "merely a courier and not a decision maker or organizer in [the] trafficking scheme." Doc. 636 at 4, 5.

The Government opposes Varela's request. Doc. 660. The Government states that Amendment 794, like Amendment 782, was already in effect at the time of Varela's sentencing. *Id.* at 2. Moreover, the Government argues that Amendment 794

---

[1] The Court further notes that, as the Government points out, Doc. 644 at 2, Amendment 782 would not have impacted Varela's offense level even if he had been sentenced before it went into effect. The prior version of the sentencing guidelines mandated that 150 kilograms or more of cocaine resulted in a base offense level of 38, while the current guidelines state that 450 kilograms or more result in level 38. *See* Editors' Notes to 2014 Amendments, U.S.S.G. § 2D1.1. Here, Varela was convicted of possessing 2,192 kilograms of cocaine. Doc. 443 at 5, 6. Therefore, his base offense level would have been level 38 both before and after the enactment of Amendment 782. *See United States v. Sanchez*, 630 F. App'x 893, 894-95 (11th Cir. 2015) (defendant not entitled to resentencing where "he was subject to the same base offense level, 38, under the post-amendment guidelines as he was under the pre-amendment guidelines").

3

is a clarifying amendment that provides additional guidance to be considered at sentencing, and that it cannot be applied in a post-conviction context. *Id.* at 1-2.

Amendment 794 of the sentencing guidelines "added guidance to [U.S.S.G. § 3B2.1's commentary relating to mitigating-role reductions."[2] *United States v. Palma-Meza*, 685 F. App'x 806, 809 (11th Cir. 2017). A minor participant who may be entitled to a role reduction is one "who is less culpable than most other participants in the criminal activity, but whose role could not be described as 'minimal.'" U.S.S.G. § 3B1.2, cmt. n.5. The Eleventh Circuit has explained that Amendment 794 "merely clarified the factors to consider for a minor-role adjustment, and did not substantively change § 31B.2." *United States v. Cruickshank*, 837 F.3d 1182, 1194 (11th Cir. 2016). The amendment went into effect on November 1, 2015. *Palma-Meza*, 685 F. App'x at 809.

---

[2] The amendment added the following language to Application Note 3(C) for § 3B1.2:

> In determining whether [a defendant warrants a minimal or minor participant] or an intermediate adjustment, the court should consider the following non-exhaustive list of factors:
> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;
> (v) the degree to which the defendant stood to benefit from the criminal activity.

Here, the Government correctly points out that Varela's sentencing occurred after Amendment 794 went into effect. Doc. 660 at 2. He is therefore not entitled to any retroactive application of the amendment under 18 U.S.C. § 3582(c)(2). Moreover, Varela has not identified a valid procedural mechanism by which he can request a reduction that he was not granted at sentencing. He did not request a minor role reduction at sentencing, *see* Doc. 553 at 9-12, and his sentence was affirmed by the Eleventh Circuit on direct appeal. Doc. 590 at 39-40; *United States v. Mosquera et al.*, 886 F.3d 1032, 1053 (11th Cir. 2018). Although he cites 18 U.S.C. § 3742(a)(2) in support of his contention that he may now raise the issue of an allegedly incorrect application of the sentencing guidelines, this provision refers only to the filing of a notice of appeal in the district court so that the Court of Appeals may review the conviction and sentence on direct appeal—just as it already did. *See id.*

In addition, Varela's argument would not be cognizable even if the Court construed his motion as a collateral challenge to his sentence under 28 U.S.C. § 2255. In *Burke v. United States*, 152 F.3d 1329, 1331-32 (11th Cir. 1998), the Eleventh Circuit held that non-constitutional sentencing errors cannot be raised in a post-conviction motion brought under 28 U.S.C. § 2255 unless the error indicates a "complete miscarriage of justice." The court further concluded that the failure to apply a clarifying amendment that effected no change in the substantive law did not constitute a miscarriage of justice or provide a basis for collateral relief. *Id.* at 1332. Here, too, the Court concludes that Varela has not demonstrated the existence of a complete miscarriage of justice in not granting him a discretionary minor role reduction.

5

Noting that he is not a lawyer, Varela asks the Court not to fault him for "defense counsel['s] deficient failure" to request a minor role reduction at sentencing. Doc. 636 at 4. Mindful of Varela's *pro se* status, the Court will construe this argument liberally. *See Gomez-Diaz v. United States*, 433 F.3d 788, 791 (11th Cir. 2005) (courts must construe liberally the pleadings of a pro se petitioner). However, to the extent he is asserting that his attorney provided ineffective assistance of counsel in neglecting to raise this issue at sentencing, thereby violating his constitutional rights—which would amount to a motion to set aside his sentence on the ground that it was imposed in violation of the Constitution, pursuant to 28 U.S.C. § 2255—he is procedurally foreclosed from doing so. Varela filed a § 2255 motion on August 21, 2018, arguing, *inter alia*, that his attorney was ineffective for allegedly failing to present mitigation arguments at sentencing. Doc. 594 at 5. In rejecting this argument, the Court emphasized that the Eleventh Circuit determined on direct appeal that Varela's sentence was not unreasonable. *Id.* at 10. Incarcerated individuals are not permitted to file a second or successive motion under § 2255 unless the Court of Appeals certifies that it contains newly discovered evidence or a new rule of constitutional law. 28 U.S.C. § 2255(h). The application of Amendment 794 does not fall into either category. Varela therefore cannot be resentenced based on his attorney's alleged ineffectiveness for failing to request a minor role reduction.

The Court is significantly restricted in its ability to modify or reduce a sentence that has already been imposed. *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021) ("Finality is essential to the operation of our criminal justice system … That is

6

why courts are generally forbidden from altering a sentence once it becomes final.") (quotations omitted). Accordingly, it cannot reduce Varela's sentence based upon a sentencing provision that was in effect at the time of the judgment.

### III.     RENEWED MOTION FOR COMPASSIONATE RELEASE

Lastly, Varela has filed a new motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Doc. 648. He argues that his medical conditions, which include hypertension, diabetes, degenerative joint disease, cervical spine decompression, cervical stenosis, and stents in his heart, combined with his advanced age, render him particularly vulnerable to complications from COVID-19. Doc. 648 at 1-2; Doc. 648-1 at 2. He further asserts that the mitigating efforts taken by his prison facility are inadequate to protect him, especially as the prison is overpopulated and lacks adequate ventilation. *Id.* at 3-4. Varela argues that his medical vulnerabilities, the conditions of the prison, and the COVID-19 pandemic constitute extraordinary and compelling reasons that warrant compassionate release. *Id.* at 4-6. Finally, he contends that a review of the sentencing factors under § 3553(a) is not statutorily required for a motion filed directly by a petitioner rather than by the Bureau of Prisons. *Id.* at 8-9.

In opposition, the Government first argues that Varela has not exhausted his administrative remedies because he did not appeal the Bureau of Prison's denial of his application for compassionate release. Doc. 658 at 2-3. Responding to the merits, the Government contends that Varela did not establish that his medical conditions are life-

threatening or that he is unable to care for himself in the prison environment, especially because he has been vaccinated against COVID-19. *Id.* at 4.

## A. Legal Standard

Section 603 of the First Step Act of 2018 allowed incarcerated individuals to request compassionate release directly from a district court in addition to the Bureau of Prisons. The act amended 18 U.S.C. § 3582(c) so that it now reads:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>
>>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>>
>>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act).  Courts are to consider the factors listed in 18 § 3553(a), as applicable, as part of the analysis.[3] *See* § 3582(c)(1)(A).

### B. Varela Has Exhausted His Administrative Remedies.

As a threshold matter, the Court finds that, contrary to the Government's arguments, Varela has exhausted his administrative remedies as required for a motion for compassionate release.  Under 18 U.S.C. § 3582(c)(1), a defendant must exhaust administrative remedies with the BOP prior to filing a motion for compassionate release.  "Section 3582(c)(1)(A) unambiguously provides that a defendant may either move for compassionate release after the defendant has fully exhausted administrative remedies *or* 'the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" *United States v. Smith*, 482 F. Supp. 3d

---

[3] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

1218, 1223 (M.D. Fla. 2020) (emphasis in original) (quoting 18 U.S.C. § 3582(c)(1)(A)).

Here, Varela filed a request for compassionate release to the warden of his facility on March 14, 2022. Doc. 648-1 at 3-7. His request was denied on April 7, 2022, and he filed the instant motion on April 14, 2022. *Id.* Because more than 30 days lapsed between Varela's request to the warden and the filing of his motion, he was not required to appeal the warden's order in order to satisfy the exhaustion requirements of § 3582(c)(1)(A). *Cf.* Doc. 658 at 2-3.

### C. Varela Has Not Established an Extraordinary and Compelling Reason Warranting Compassionate Release.

However, the Court agrees with the Government that Varela is not entitled to compassionate release, because he has not established an "extraordinary and compelling reason" under 18 U.S.C. § 3582(c)(1)(A)(2) and the strict terms of the Sentencing Commission's policy statement contained in U.S.S.G. § 1B1.13, cmt. n.1.

Under *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013), a defendant has the burden of establishing that a sentence reduction is warranted. Specifically, under 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act, a defendant must show either (1) that he is 70 years old and has served at least 30 years of incarceration and meets other enumerated criteria; or (2) that he has an extraordinary and compelling reason for compassionate release. The Eleventh Circuit has held that "extraordinary and compelling reasons" that permit the grant of compassionate release are exclusively defined by the policy statement of the United States Sentencing

Commission contained in U.S.S.G. § 1B1.13, cmt. n.1. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). Such reasons are: the defendant's medical condition, his age, his family circumstances, or another reason that is determined by the Director of the Bureau of Prisons. U.S.S.G. § 1B1.13, cmt. n.1.

Here, although Varela is 74 years old, he has not served at least 30 years in prison. Thus, he does not qualify for compassionate release under the first provision of 18 U.S.C. § 3582(c)(1)(A)(i) and must instead demonstrate an extraordinary and compelling reason to satisfy § 3582(c)(1)(A)(ii). He contends that his medical conditions, the COVID-19 pandemic, and the conditions at his prison facility constitute such a reason. Doc. 648 at 8-9.

Under the Sentencing Commission's policy statement, an incarcerated individual's medical condition may provide an extraordinary and compelling reason to support a reduction in sentence when he is: (1) suffering from a terminal illness, i.e., a serious and advanced illness with an end of life trajectory; or (2) suffering from a serious physical or medical condition that substantially diminishes his ability to care for himself within the prison environment and from which he is not expected to recover. U.S.S.G. § 1B1.13, cmt. n. 1(A).

The medical records provided by Varela and the Government indicate that he suffers from a number of medical conditions, including diabetes, a heart condition that required the placement of stents, degenerative joint disease that led to a knee replacement, cervical stenosis that necessitated surgery, and chronic kidney disease. Doc. 648-1 at 10, 14, 19, 27; Doc. 658-1 at 11, 56-59. He requires the use of a cane

11

and orthotic shoes to walk, and has medical restrictions regarding the type of work he can do and the location of his bunk. *Id.* at 5, 12, 69. Nonetheless, the records also demonstrate that the Bureau of Prisons is managing his conditions and providing him with treatment and accommodations as needed. *See generally* Docs. 648-1, 658-1. At this point, the Court cannot conclude that Varela's medical conditions substantially diminish his ability to care for himself within the prison environment, such that his medical status warrants compassionate release. *See* U.S.S.G. § 1B1.13, cmt. n. 1(A).

Similarly, Varela's age does not constitute an extraordinary and compelling reason under the strict terms of the policy statement. An incarcerated individual's age will constitute an extraordinary and compelling reason if he: "(i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his term of imprisonment, whichever is less." Varela is more than 65 years old, and the medical records demonstrate that his health has deteriorated during his time in prison. The Court need not determine whether this deterioration is "serious," however, because he has not yet served either 10 years or 75 percent of his sentence.[4] As such, it cannot grant compassionate release because of Varela's age.

Varela further argues that his age and medical conditions constitute an extraordinary and compelling reason for compassionate release because they make him especially vulnerable to serious consequences should he contract COVID-19,

---

[4] Because 75% of Varela's 235-month sentence is more than 14 years, he would satisfy this prong of the analysis when he has served ten years.

12

which is a particular risk in a congregate setting like prison. Doc. 648 at 5-6. While the Court acknowledges these risks, it cannot grant compassionate release on this basis. The Eleventh Circuit has held that the COVID-19 pandemic does not permit a district court to deviate from the policy statement's requirements, even if an incarcerated individual's medical conditions place him at particular risk of severe illness should he contract COVID-19. *See Bryant*, 996 F.3d at 1262 (district courts are constrained by policy statement's definitions); *United States v. Giron*, 15 F.4th 1343, 1346-47 (11th Cir. 2021) (the confluence of defendant's medical conditions and the COVID-19 pandemic did not create an extraordinary and compelling reason for compassionate release); *see also*, *e.g.*, *United States v. Willhite*, No. 21-10441, 2022 WL 424817, *1-2 (11th Cir. Feb. 11, 2022) (same); *United States v. Pearson*, No. 21-10750, 2021 WL 4987940, *1-2 (11th Cir. Oct. 27, 2021) (same). The cases on which Varela relies in which courts have found otherwise either predate this binding precedent or are outside of the Eleventh Circuit. *See* Doc. 648 at 2-8; *compare*, *e.g.*, *United States v. Ullings*, 1:10-cr-406, 2020 WL 2394096 (M.D. Ga. May 12, 2020) (granting compassionate release because of defendant's vulnerability to COVID-19 under the "other reasons" provision of the policy statement) *with Giron*, 15 F.4th at 1347 (citing to *Bryant*, and concluding that district court did not err in finding the "other reasons" provision did not permit compassionate release for defendant with medical vulnerabilities to COVID-19).

   For the same reason, Varela's allegations regarding the conditions at his prison facility do not constitute an extraordinary and compelling reason for compassionate

13

release.[5] *See id.* This Court is bound by the Eleventh Circuit's strict adherence to the policy statement's definition of extraordinary and compelling reasons that permit a grant of compassionate release. Varela has not established that he falls within this definition. Therefore, he is not entitled to compassionate release.[6]

Accordingly, it is **ORDERED**:

1. Defendant Efrain Bilbao Varela's Motion for Sentence Reduction (Doc. 633) is **DENIED**.

2. Varela's Motion for Reduction for Mitigating Role (Doc. 636) is **DENIED**.

3. Varela's Motion for Compassionate Release (Doc. 648) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on November 4, 2022.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to: Counsel of Record, Unrepresented Parties

---

[5] Varela argues that the conditions at his facility constitute "cruel and unusual punishment," a reference to the Eighth Amendment. Doc. 648 at 4. The Court interprets this reference as an argument that the conditions of his facility during the COVID-19 pandemic constitute an Eighth Amendment violation that, in turn, is an extraordinary and compelling reason for his release. To the extent that Varela instead intends to allege Eighth Amendment violations against the Bureau of Prisons, he must bring a civil action against the Bureau. *See, e.g., United States v. McNair*, 3:19-cr-193-BJD-LLL, 2022 WL 562348, *3 (M.D. Fla. Feb. 23, 2022); *United States v. Wallace*, 4:19-cr-19, 2021 WL 203308, *4 n.1 (S.D. Ga. Jan. 20, 2021); *Swindle v. United States*, 7:15-cr-00247-LSC-SGC, 2020 WL 12182762, *1 n.3 (N.D. Ala. Nov. 24, 2020) (each finding that an Eighth Amendment claim was not properly raised in a motion for compassionate release); *see also United States v. Hundley*, 19-cr-20182-RAR, 2020 WL 6826362, *2 (S.D. Fla. Nov. 20, 2020) (explaining that release from custody is not an available remedy to an Eighth Amendment violation; finding that defendant failed to establish deliberate indifference to serious medical needs of incarcerated individuals).

[6] Because the Court has determined that Varela is not eligible for a sentence reduction based upon its finding that no extraordinary or compelling reason exists, it need not analyze the factors listed in 18 U.S.C. § 3553(a).

14